141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
San Francisco BAYKEEPER, a non-profit organization; Friends
of Santa Clara County Creeks, an unincorporated
association, Plaintiffs-Appellants
v.
City of Saratoga, Defendants-Appellees
 No. 97-15560.
D.C. No. CV-95-20059-JW(EAI).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1998.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the Northern District of California Edward A. Infante, Magistrate Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 San Francisco Baykeeper brought this citizen suit alleging that the City of Saratoga has committed 14,000 violations of its NPDES Permit by allowing the discharge of fecal coliform from a storm drain owned by CALTRANS but located within the City's political jurisdiction. Upon cross-motions for summary judgment, Magistrate Judge Edward Infante concluded that, under the permit, the City would "bear the burden of proving at trial that the flows discharging at the Saratoga-Sunnyvale outfall emanate from City-owned facilities or activities." San Francisco Baykeeper acknowledges that the discharges did not come from city-owned storm drains. Baykeeper therefore stipulated to the entry of judgment and brought this appeal.
 
 
 3
 The problem with the district court's order and with the stipulated facts is that they contemplate liability only for discharges from drains owned by the City, not those found to be operated by the city. The EPA's regulations implementing the Clean Water Act make clear that the City would be liable if it could be considered the operator of the Saratoga-Sunnyvale storm outfall. 40 C.F.R. § 122.26(a)(3)(vi) ("Co-permittees need only comply with permit conditions relating to discharges from the municipal storm separate storm sewers for which they are operators."). The City acknowledges that the district court made no findings as to whether the City could be considered the operator of the Saratoga-Sunnyvale outfall for the purposes of the Clean Water Act.
 
 
 4
 The City argues that the district court used "owned" and "owned or operated" interchangeably in its order. Support for this argument is reflected in the record, but because the issue is so pivotal, we remand for clarification. The district court should also consider the varying interpretations of the term "operator" offered by the parties and indicate whether it uses the term in the narrow sense, as argued by the City of Saratoga or the broader sense, as argued by San Francisco Baykeeper.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36-3